IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br><br> vs. <br><br><br> DIONICO BLANCO, <br><br> Defendant. | ORDER DENYING MOTION FOR RE-SENTENCING <br><br><br><br><br><br> Case No. 1:11-CR-129 <br><br> Judge Dee Benson |

Before the Court is Defendant Dionico Blanco's Motion for Resentencing Pursuant to Section 404 of the First Step Act. (Dkt. 72.) The Government responded in opposition (Dkt. 76), and Defendant replied (Dkt. 81).[1] The motion has been fully briefed by the parties, and the Court has considered the facts and arguments set forth in those filings. For the reasons set forth below, the Court denies Defendant's motion.

## **DISCUSSION**

In August 2010, Congress passed the Fair Sentencing Act, which raised the quantities of crack cocaine required to trigger each of the tiered statutory maximum and minimum sentences

---

[1] On May 8, 2020, Defendant submitted a Notice of Supplemental Authority. (Dkt. 82.)

1

prescribed by 21 U.S.C. § 841(a)(1).  *See* Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2, 124 Stat. 2372, 2372.  The modifications set forth in the Fair Sentencing Act did not, however, apply retroactively to defendants who were sentenced before the Act's passage.  *See Dorsey v. United States*, 567 U.S. 260, 264 (2012).

Years later, in December 2018, Congress passed the First Step Act.  *See* First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222.  Section 404 of the First Step Act offers certain persons convicted under § 841 prior to the enactment of the Fair Sentencing Act a chance to seek a retroactively reduced sentence.

In the motion before the Court, Defendant argues that he is eligible for and should receive a retroactively reduced sentence under § 404 of the First Step Act.  The Court disagrees.

1. Defendant's § 841 Conviction

Although Defendant was convicted under 21 U.S.C. § 841, the First Step Act does not apply in this case because Defendant's § 841 conviction occurred *after* the enactment of the Fair Sentencing Act.  Accordingly, Defendant received the benefit of the Act's revised threshold quantity for cocaine base at that time.

The history of this case confirms that Defendant was convicted and sentenced in accord with the Fair Sentencing Act.  On January 7, 2009, nearly two years prior to the filing of the Indictment in this case, and *prior* to the enactment of the Fair Sentencing Act, Defendant was initially indicted for the same § 841 offense.  *See United States v. Blanco*, 1:09-cr-1 CW (D. Utah).  This 2009 *pre*-Act Indictment charged the Defendant with possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1), punishable under 21 U.S.C. §

841(b)(1)(A).  *See* 1:09-cr-001-CW (Dkt. 7).  The 2009 *pre*-Act case was dismissed without prejudice, however, due to a Speedy Trial Act violation.  *Id.* (Dkt. 192).

On November 22, 2011, *after* the enactment of the Fair Sentencing Act, Defendant was indicted in the case now before the Court for the same § 841 offense.  The 2011 *post*-Act Indictment in this case, once again charged Defendant with possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1), but in light of the revisions in the Fair Sentencing Act, the 2011 Indictment now indicated that the violation was "punishable under 21 U.S.C. § 841(b)(1)(B)."  (Dkt. 15.)  The 2011 Indictment's language indicating that Defendant's § 841(a) violation was "punishable under 841(b)(1)(B) (minimum term of 5 years and mandatory term of 40 years), as opposed to the 2009 *pre*-Act Indictment's reference to "punishable under 841(b)(1)(A) (minimum term of 10 years and maximum term of life), was a direct consequence of the Fair Sentencing Act.

Defendant's plea agreement also incorporated the relevant changes implemented by the Fair Sentencing Act.  Consistent with the language of the Indictment, the Statement in Advance of Plea provided: "I know that the maximum possible penalty provided by law for a violation of ... § 841(a)(1) ... is a term of imprisonment of not less than five (5) years, a minimum mandatory sentence, up to forty (40) years ...."  (Dkt. 63, ¶2.)

At the time of sentencing Defendant was also facing a sentencing enhancement as a career offender under USSG § 4B1.1(a).  Using the 2011 United States Sentencing Guidelines Manual, § 4B1.1(a), Defendant qualified as a career offender because: (1) Defendant was over 18 years old when he committed the offense, (2) the offense in this case was a controlled

3

substance offense and felony, and (3) Defendant had at least two prior felony convictions qualifying as a crime of violence. (Dkt. 76, Ex. A, SEALED Sentencing Report ¶¶ 15 & 29 (listing USSG § 4B1.1 as the basis for career criminal enhancement); Dkt. 76 at 6 n.6.) As a career offender, Defendant's sentencing guideline range was 188 to 235 months.

On August 21, 2012, Defendant pleaded guilty to the count charged in the Indictment pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, with all parties having agreed to a sentence of 192 months of incarceration. (Dkt. 63, ¶ 12(B).) The Court accepted Defendant's plea and sentenced Defendant to 192 months of custody, consistent with the Rule 11(c) (1)(C) agreement, giving Defendant credit for time served back to 2008.

2.  Defendant's 2003 Felony Drug Conviction

Finally, Defendants argument that he is eligible for re-sentencing under the First Step Act because he received a § 851 enhancement based on a prior felony conviction for simple possession (a conviction that would no longer be a felony under the Fair Sentencing Act) is unavailing because Defendant did not receive a § 851 sentencing enhancement.

Although the Sentencing Report lists Defendant's 2003 felony conviction[2] as part of Defendant's criminal history, the Report does not attribute career offender status to Defendant based on a § 851 enhancement. In fact, the Report does not appear to even mention 21 U.S.C. § 851. Rather, as explained above, Defendant faced a career offender sentencing enhancement pursuant to U.S.S.G. 4(b)1.1. (Dkt. 76, Ex. A, SEALED Sentencing Report, ¶15.)

## CONCLUSION

---

[2] *United States v. Blanco*, Case No. 1:03cr131-DKW (D. Utah).

Having concluded that the First Step Act does not apply to Defendant's conviction in this case, Defendant's motion is DENIED.

DATED this 21st day of May, 2020.

_____
Dee Benson
United States District Judge